UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY PIPHER, ) | 1:07-CV-00037 OWW DLB HC |
| ) | |
| Petitioner, ) | ORDER GRANTING RESPONDENT'S |
| ) | MOTION TO DISMISS |
| ) | [Doc. #5] |
| v. ) | |
| ) | ORDER DISMISSING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS |
| JEFF WRIGLEY, ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| Respondent. ) | TO ENTER JUDGMENT |
| ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 12, 2007, the Magistrate Judge issued Findings and Recommendation that recommended the petition be GRANTED and Respondent be ORDERED to consider the appropriateness of transferring Petitioner to an Residential Re-entry Center ("RRC") in light of the factors set forth in 18 U.S.C. § 3621(b), not excluding any other factors deemed appropriate by the Bureau of Prisons ("BOP"), without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21.  The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within ten (10) days of the date of service of the order.

On March 1, 2007, Respondent filed a motion to dismiss the petition as moot. Respondent

1  contends he has already conducted the inquiry recommended by the Magistrate Judge consistent with
2  the Magistrate Judge's findings. Respondent states, "The BOP has evaluated petitioner 'without
3  reference to the time constraints imposed by 28 CFR § 570.20-21 or the 2002 and 2005 Community
4  Corrections Policies.'" <u>See</u> Respondent's Motion to Dismiss (hereinafter "Motion"). As a result of
5  this evaluation, the BOP has determined Petitioner is to spend "60-90 days in a Residential Re-entry
6  Center before his release." <u>Id</u>. Respondent has provided a copy of the completed form entitled,
7  "Institutional Referral for CCC Placement." <u>See</u> Exhibit 3, Motion. According to the form, Petitioner
8  was evaluated on February 8, 2007, consistent with the Magistrate Judge's Findings and
9  Recommendation. <u>Id</u>.

10  Because Petitioner has already been granted the relief he requested and recommended by the
11  Magistrate Judge, the case is now moot. The case or controversy requirement of Article III of the
12  Federal Constitution deprives the Court of jurisdiction to hear moot cases. <u>Iron Arrow Honor Soc'y</u>
13  <u>v. Heckler</u>, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); <u>NAACP., Western Region v. City of</u>
14  <u>Richmond</u>, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented
15  are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Murphy v.</u>
16  <u>Hunt</u>, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to
17  decide questions that cannot affect the rights of the litigants before them." <u>North Carolina v. Rice</u>,
18  404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* <u>Aetna Life Ins. Co. v. Hayworth</u>,
19  300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

20  Accordingly, IT IS HEREBY ORDERED that:
21  1. Respondent's Motion to Dismiss is GRANTED;
22  2. The Petition for Writ of Habeas Corpus is DISMISSED as moot; and
23  3. The Clerk of Court is DIRECTED to enter judgment.
24  IT IS SO ORDERED.
25  **Dated:   March 12, 2007**            /s/ Oliver W. Wanger
    emm0d6                                UNITED STATES DISTRICT JUDGE